IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> THE HEARTLAND GROUP VENTURES, LLC; HEARTLAND PRODUCTION AND RECOVERY LLC; HEARTLAND PRODUCTION AND RECOVERY FUND LLC; HEARTLAND PRODUCTION AND RECOVERY FUND II LLC; THE HEARTLAND GROUP FUND III, LLC; HEARTLAND DRILLING FUND I, LP; CARSON OIL FIELD DEVELOPMENT FUND II, LP; ALTERNATIVE OFFICE SOLUTIONS, LLC; ARCOOIL CORP.; BARRON PETROLEUM LLC; JAMES IKEY; JOHN MURATORE; THOMAS BRAD PEARSEY; MANJIT SINGH (AKA ROGER) SAHOTA; and RUSTIN BRUNSON, <br><br> Defendants, <br><br> and <br><br> DODSON PRAIRIE OIL & GAS LLC; PANTHER CITY ENERGY LLC; MURATORE FINANCIAL SERVICES, INC.; BRIDY IKEY; ENCYPHER BASTION, LLC; IGROUP ENTERPRISES LLC; HARPRIT SAHOTA; MONROSE SAHOTA; SUNNY SAHOTA; BARRON ENERGY CORPORATION; DALLAS RESOURCES INC.; LEADING EDGE ENERGY, LLC; SAHOTA CAPITAL LLC; and 1178137 B.C. LTD., <br><br> Relief Defendants. | Civil No. 4:21-cv-01310-O <br> Filed Under Seal |

**ORDER FOR TEMPORARY RESTRAINING ORDER**
**AND OTHER EMERGENCY RELIEF**

Before the Court is Plaintiff United States Securities and Exchange Commission's ("SEC") emergency motion for a temporary restraining order and other emergency relief (the "TRO Motion") against defendants The Heartland Group Ventures, LLC; Heartland Production and Recovery LLC; Heartland Production and Recovery Fund LLC; Heartland Production and Recovery Fund II LLC; The Heartland Group Fund III, LLC; Heartland Drilling Fund I, LP; Carson Oil Field Development Fund II, LP; Alternative Office Solutions, LLC; Arcooil Corp.; Barron Petroleum LLC; James Ikey; John Muratore; Thomas Brad Pearsey; Manjit Singh (aka "Roger") Sahota; and Rustin Brunson (together the "Defendants") and relief defendants Dodson Prairie Oil & Gas LLC; Panther City Energy LLC; Muratore Financial Services, Inc.; Bridy Ikey; Encypher Bastion, LLC; IGroup Enterprises LLC; Harprit Sahota; Monrose Sahota; Sunny Sahota; Barron Energy Corporation; Dallas Resources Inc.; Leading Edge Energy, LLC; Sahota Capital LLC; and 1178137 B.C. LTD. (together the "Relief Defendants"). Having considered the SEC's complaint, the TRO Motion, the supporting memorandum of law (for which the SEC is granted leave to file *instanter*), the exhibits and declarations, and the Court being advised of such in the premises, this Court finds as follows:

  A. This Court has jurisdiction over the subject matter of this case and over Defendants and Relief Defendants, and the SEC is a proper party to bring this action seeking the relief sought in the SEC's complaint.

  B. There is good cause to believe that the SEC will ultimately succeed in establishing that the Defendants set forth in Section I below have engaged and are likely to engage in transactions, practices and courses of business that violate Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e(a), (c)).]

C.     There is good cause to believe that the SEC will ultimately succeed in establishing that Defendants set forth in Section II have engaged and are likely to engage in transactions, practices and courses of business that violate Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. §§ 240.10b-5] thereunder.

D.     There is good cause to believe that the SEC will ultimately succeed in establishing that Defendants set forth in Sections III and IV have engaged and are likely to engage in transactions, practices and courses of business that violate the enumerated subsections of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)].

E.     There is good cause to believe that the SEC will ultimately succeed in establishing that Relief Defendants, directly or indirectly, received funds or benefited from the use of such funds, which are the proceeds, or are traceable to the proceeds, of Defendants' unlawful activity and have no legitimate claim to these funds.

F.     There is good cause to believe that Defendants used improper means to obtain investor funds and assets. There is good cause to believe that investor funds and assets obtained through Defendants' unlawful activities have been misapplied and will be misappropriated, wasted, concealed, dissipated, or otherwise used to the detriment of investors.

G.     There is good cause to believe that, unless immediately restrained and enjoined by Order of this Court, Defendants will continue to engage in such transactions, acts, practices and courses of business and in such violations; that Defendants' illicit gains that could otherwise be subject to an order of disgorgement may be dissipated; and that documents could be destroyed.

H.     An Order is appropriate directing the repatriation of assets of Defendant Manjit Singh (aka "Roger") Sahota ("Defendant Sahota") and Relief Defendant 1178137 B.C. LTD.;

directing Defendant Sahota to forfeit his passports; and prohibiting Defendant Sahota from leaving the United States pending further Order of the Court.

      I.      An Order is appropriate prohibiting Defendants from engaging in the solicitation of oil and gas investments.

      J.      An Order is appropriate requiring Defendants and Relief Defendants to provide a sworn interim accounting.

      K.      There is good cause to believe that it is necessary to preserve and maintain the business records of Defendants and Relief Defendants from destruction, and to take measures to avoid the dissipation of assets, including permitting the issuance of Notices of Lis Pendens and notices to third parties.

      L.      Expedited discovery is appropriate to permit a prompt and fair preliminary injunction hearing.

      M.      An Order is appropriate directing certain Defendants to reasonably cooperate with a Court-appointed Receiver in this matter in order for the Receiver to gain access to, and to operate, the oil and gas wells and leases that are the subject of the SEC's Complaint is appropriate.

      N.      There is good cause to believe that providing notice of these proceeding to Defendants James Ikey and Alternative Office Solutions, LLC; Defendants Sahota), ArcoOil Corp., and Barron Petroleum LLC; and Relief Defendants Bridy Ikey, Encypher Bastion, LLC, IGroup Enterprises LLC, Harprit Sahota; Monrose Sahota; Sunny Sahota; Barron Energy Corporation; Dallas Resources Inc.; Leading Edge Energy, LLC; Sahota Capital LLC; and 1178137 B.C. LTD. (the "Ex Parte Parties") would result in the dissipation of assets or the compromising of evidence. The SEC's submissions demonstrate that immediate and irreparable

injury, loss, or damage would have resulted had the SEC provided such notice to the Ex Parte Parties. Thus, the Court finds that the SEC has satisfied the requirements set forth in FED. R. CIV. P. 65(b), and that it is appropriate to proceed *ex parte* with respect to the Ex Parte Parties.

      O.      Therefore, the SEC's TRO Motion should be, and is, granted as set forth more fully below.

**IT IS THEREFORE ORDERED:**

**I.      ORDER RESTRAINING CERTAIN DEFENDANTS FROM VIOLATING THE REGISTRATION PROVISIONS OF THE SECURITIES ACT OF 1933**

Defendants The Heartland Group Ventures, LLC; Heartland Production and Recovery LLC; Heartland Production and Recovery Fund LLC; Heartland Production and Recovery Fund II LLC; The Heartland Group Fund III, LLC; Heartland Drilling Fund I, LP; Carson Oil Field Development Fund II, LP; Alternative Office Solutions, LLC; James Ikey; John Muratore; Thomas Brad Pearsey; and Rustin Brunson, their agents, servants, employees, attorneys, entities under their control, and those persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, are hereby restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

      A.      Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

      B.      Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

      C.      Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**II.**      **ORDER RESTRAINING CERTAIN DEFENDANTS FROM VIOLATING SECTION 10(B) AND RULE 10B-5 OF THE SECURITIES EXCHANGE ACT OF 1934**

Defendants The Heartland Group Ventures, LLC; Heartland Production and Recovery LLC; Heartland Production and Recovery Fund LLC; Heartland Production and Recovery Fund II LLC; The Heartland Group Fund III, LLC; Heartland Drilling Fund I, LP; Carson Oil Field Development Fund II, LP; Alternative Office Solutions, LLC; ArcoOil Corp.; Barron Petroleum LLC; James Ikey; John Muratore; Thomas Brad Pearsey; and Manjit Singh (aka Roger) Sahota, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

      A.      employing any device, scheme or artifice to defraud;

      B.      making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      C.      engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III. ORDER RESTRAINING CERTAIN DEFENDANTS FROM VIOLATING SECTION 17(a)(1), (2) and (3) OF THE SECURITIES ACT OF 1933

Defendants The Heartland Group Ventures, LLC; Heartland Production and Recovery LLC; Heartland Production and Recovery Fund LLC; Heartland Production and Recovery Fund II LLC; The Heartland Group Fund III, LLC; Heartland Drilling Fund I, LP; Carson Oil Field Development Fund II, LP; Alternative Office Solutions, LLC; ArcoOil Corp.; Barron Petroleum LLC; James Ikey; John Muratore; Thomas Brad Pearsey; and Manjit Singh (aka Roger) Sahota, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in violation of Section 17(a) of the Securities Act [15 U.S.C. §§ 77q(a)(1), 77q(a)(2), and 77q(a)(3)], and in the offer and sale of securities, by the use of the means and instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, from:

      A.      employing devices, schemes and artifices to defraud;

      B.      obtaining money and property by means of untrue statements of material fact and by omitting to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or

      C.      engaging in transactions, practices, and courses of business which operated or would operate as a fraud or deceit upon the purchasers of such securities.

**IV.     ORDER RESTRAINING CERTAIN DEFENDANT FROM VIOLATING SECTION 17(a)(2) and (3) OF THE SECURITIES ACT OF 1933**

Defendant Rustin Brunson, his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in violation of Section 17(a)(2) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)], and in the offer and sale of securities, by the use of the means and instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, from:

A.      obtaining money and property by means of untrue statements of material fact and by omitting to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or

B.      engaging in transactions, practices, and courses of business which operated or would operate as a fraud or deceit upon the purchasers of such securities.

**V.      TEMPORARY RESTRAINING ORDER REGARDING SOLICITATION OF OIL AND GAS INVESTMENTS**

Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendants, participating in the issuance, purchase, offer, or sale of any security related to the production, exploration, extraction, purchase or sale of oil or gas, provided, however, that such injunction shall not prevent Defendants James Ikey, John Muratore, Thomas Brad Pearsey, Rustin Brunson, or Manjit Singh (aka Roger) Sahota from purchasing or selling securities listed on a national securities exchange for their own, personal accounts.

## VI.    REPATRIATION

A.     Defendant Manjit Singh "Roger" Sahota and and Relief Defendant 1178137 B.C. LTD., within seven (7) calendar days of entry of this Order, shall repatriate, and take such steps as are necessary to repatriate, to the territory of the United States of America, any and all assets and funds, held by or in the name of any Defendant or Relief Defendant, or in which any Defendant or Relief Defendant, directly or indirectly, has or had any beneficial interest, or over which any Defendant or Relief Defendant maintained or maintains or exercised or exercises control, including, any and all assets and funds (1) held in a foreign bank, brokerage or other financial account; and (2) transferred out of the United States from any account within the territory of the United States at any point from January 1, 2018 to the present.

B.     Defendant Manjit Singh "Roger" Sahota and Relief Defendant 1178137 B.C. LTD. shall provide to this Court and to the SEC, within seven (7) calendar days of entry of this Order, a written description of all funds and assets required to be repatriated and the status and location of such funds and assets.

## VII.    WRIT OF NE EXEAT AND SURRENDER OF PASSPORT

A.     Immediately upon entry of this Order and service thereof, Defendant Manjit Singh "Roger" Sahota shall surrender to the Clerk of the Court all passports in his possession, custody and control. The Clerk of the Court shall maintain custody of such passports until otherwise ordered by this Court.

B.     Defendant Manjit Singh "Roger" Sahota is prohibited from traveling outside the United States unless and until this Court finds that he, as well as any and all Defendants and Relief Defendants over which he maintains or maintained or exercised or exercises control, has fully complied with the provisions of this Order.

**VIII.  NOTICE OF LIS PENDENS**

    A.    The SEC and the Court-appointed Receiver in this matter ("Receiver") may file Notices of Lis Pendens, or any similar document that has the effect of clouding title, on all pieces of real property in which a Defendant or a Relief Defendant has an interest. Further, the SEC or Receiver may provide notice to third parties that certain assets belonging to Defendants or Relief Defendants should be safeguarded or locked-down or otherwise prevented from being moved, retrieved, or altered.

    B.    Defendants and Relief Defendants are hereby prohibited from further encumbering their interests in any real or personal property by means of pledging it for collateral for any purpose or by allowing it to secure any obligation.

**IX.  ORDER DIRECTING DEFENDANTS TO REASONABLY COOPERATE WITH RECEIVER CONCERNING ACCESS TO AND OPERATION OF OIL/GAS WELLS AND LEASES**

The Court hereby authorizes the Receiver to operate, and to have access to, the oil and gas wells and leases owned, controlled, or operated by any Defendant or Relief Defendant. Further, all Defendants or Relief Defendants who, before this Order, had owned, controlled, or operated any such wells or leases, are directed to reasonably cooperate with the Receiver for the purpose of the Receiver operating and accessing such wells and leases.

**X.  ALTERNATIVE MEANS OF SERVICE OF PROCESS**

Notice of this Order, or any other Orders of the Court or notices required to be issued by the SEC, may be accomplished by delivery of a copy of the Order or notice by first class mail, overnight delivery, international express mail, facsimile, electronic mail, text or instant message, or personally, by agents or employees of the SEC or the Receiver, (i) upon any Defendant, Relief Defendant; and (ii) upon any bank, saving and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, oil-and-gas operator, title company,

commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of an Order.

## XI.     ORDER PROHIBITING DESTRUCTION OF RECORDS

A.      Defendants and Relief Defendants, and all of their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any of them, are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, electronic files, computers, or any other property or data of any kind, and wherever located or stored: (1) pertaining in any way to any matter described in the complaint, or any amendment thereto, filed by the Commission in this action; or (2) pertaining in any way to the business of Defendants and Relief Defendants as described in the complaint, the investments described in the Complaint, or the oil and gas wells referenced in the Complaint or described in the Heartland offering documents referenced in the Complaint. (These documents and data are collectively referred to here as "Evidence").

B.      Such Evidence includes both "hard copy" versions and electronically-stored information in Defendants' and Relief Defendants' possession, custody or control, including text files, data compilations, word processing documents, spreadsheets, e-mail, voicemail, text messages, data bases, calendars and scheduling information, log, file fragments and backup files, letters, instant messages, memoranda, notes, drawings, designs, correspondence, or communications of any kind. Evidence that is stored electronically may be maintained on shared network files, computer hard drives, servers, DVDs, CD-ROMs, flash drives, thumb drives, laptops, iPads, digital recorders, netbooks, PDA, or other handheld or smartphone devices.

11

C. The obligations set forth in this Section include an obligation to provide notice to all Defendants' or Relief Defendants' employees, custodians, agents, or contractors who may be in possession of Evidence. This duty also extends to the preservation and retention of Evidence in the possession or custody of third parties, such as an internet service provider or a cloud computing provider, if such Evidence is within Defendants' or Relief Defendants' control.

D. Defendants and Relief Defendants are ordered to act affirmatively to prevent the destruction of Evidence. This duty may necessitate: (1) quarantining certain Evidence to avoid its destruction or alteration; or (2) discontinuing the recycling of backup tapes or other storage media, and the deletion of emails, "trash," "recycling," "drafts," "sent," or "archived" folders.

E. Defendants and Relief Defendants are directed not to run or install any drive cleaning, wiping, encrypting, or defragmenting software on hard disks of computers that may contain Evidence.

## XII. EXPEDITED DISCOVERY

A. The timing restrictions set forth in FED. R. CIV. P. 16, 26(d), 26(f), 30(a)(2)(C), 33, 34, 36 and 45 shall not apply to this proceeding in light of the SEC's requested relief and its demonstration of good cause. Expedited discovery in this proceeding, in conformance with the foregoing timing parameters, is appropriate to permit a prompt and fair hearing on the SEC's motion for a preliminary injunction.

B. Immediately upon entry of this Order, a party may take depositions upon oral examination of parties and non-parties subject to three (3) calendar days notice. All parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure regarding issuance and service of subpoenas and documents sought from nonparties, and such nonparties shall be subject to at least three (3) calendar days notice. Parties failing to appear for a properly

noticed deposition shall be prohibited from introducing evidence at a hearing on the SEC's request for a preliminary injunction.

   C. Immediately upon entry of this Order, a party shall be entitled to serve requests for the production of documents, to permit entry onto designated land or other property possessed or controlled by the responding party, requests for admissions, and interrogatories. Absent agreement of the parties or an order of this Court, the responding party shall respond to such discovery requests and produce responsive documents within three (3) calendar days of service.

   D. Service of discovery requests, and subpoenas to appear at a preliminary injunction hearing, shall be sufficient if made upon counsel of record or, if there is no counsel of record, upon the party itself, by email, or text or instant message.

   E. All responses to discovery, all discovery and pleadings, and all information to which the SEC is entitled pursuant to the terms of this Order, including with respect to the interim accounting, shall be delivered to Jonathan S. Polish by email at the following email address: PolishJ@sec.gov.

   F. Should a party fail to respond to a request for admission within five (5) calendar days of service, that request may be deemed admitted for all purposes in this action.

   G. Should a party fail to respond to an interrogatory within five (5) calendar days of service, that party may be prohibited from introducing any evidence concerning the subject of the interrogatory for any purpose in this action.

   H. Should a party fail to produce a responsive document within five (5) calendar days of service, that party may be prohibited from introducing the withheld document for any purpose in this action.

      I.      Depositions may be taken remotely.

      J.      Depositions taken pursuant to this Order shall not impact the number of depositions a party may take in regular, non-expedited discovery.

## XIII. INTERIM ACCOUNTING

Each Defendant and Relief Defendant is ordered to provide a sworn, interim accounting, under oath, within five (5) days of the issuance of this Order detailing (a) all monies and other benefits received, directly and indirectly, as a result of the activities alleged in the Complaint (including the date on which the monies or other benefit was received and the name and all contact information for the person paying the money or providing the benefit), (b) all assets of the Defendant and Relief Defendant, wherever they may be located and by whomever they may be held (including the name and all contact information for the holder and the amount or value of the holdings), and (c) all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of the Defendant or Relief Defendant (including the name and all contact information for the account holder and the account number and the amount held in each account) held at any point during the period from January 1, 2018 through the date of the accounting.

## IX. OTHER RELIEF

      A.      The United States Marshals Service in any district in which any Defendant or Relief Defendant resides, transacts business, or may be found is authorized and directed to make service of process upon any Defendant or Relief Defendant at the request of the SEC.

      B.      United States Marshals assigned to this Court are directed to promptly, in consultation with the SEC, effectuate service of the Complaint and the documents and Orders associated with the SEC's TRO Motion on Defendant Manjit Singh (aka "Roger") Sahota,

individually and as registered agent for Defendants ArcoOil Corp. and Barron Petroleum LLC and Relief Defendants Dallas Resources Inc., Leading Edge Energy LLC, and Sahota Capital LLC; and on Relief Defendants Harprit Sahota, Monrose Sahota, and Sunny Sahota at their residence or business, including in and around Eldorado, Texas, Graham, Texas, and/or San Angelo, Texas.

   C.  This Court shall retain jurisdiction of this matter for all purposes.

   D.  Pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the SEC.

**X.**  **PRELIMINARY INJUNCTION HEARING DATE, DURATION OF ORDER**

   A.  The SEC's TRO Motion is also deemed to be a motion for a preliminary injunction order. The SEC is not required to file or serve a separate motion for a preliminary injunction in order to seek the entry of such preliminary relief pursuant to FED. R. CIV. P. 65. The Court will consider all materials filed by the SEC in connection with its TRO Motion to have been filed in connection with the SEC's motion for a preliminary injunction hearing. The SEC shall be permitted, but is not required, to file a supplemental brief and supporting exhibits in advance of any preliminary injunction hearing.

   B.  Any party wishing to make a written submission with respect to the SEC's motion for a preliminary injunction shall do so no later than 72 hours before the commencement of the preliminary injunction hearing set forth below, and shall be served on the SEC in the manner set forth in Section XII(E) above.

   C.  Any party wishing to be heard on this matter shall appear in this Court, on the SEC's motion for preliminary injunction, before the Honorable Judge Reed O'Connor, at 9:00 o'clock AM, on the 14th day of December, 2021 in the Second Floor Courtroom of the United States District

Court for the Northern District of Texas, Fort Worth Division, 501 West 10th Street, Fort Worth, Texas, 76102 as soon thereafter as the matter can be heard, to show cause, if there be any, why this Court should not enter a preliminary injunction and order preliminary relief against them, pursuant to Rule 65 of the Federal Rules of Civil Procedure, extending the temporary relief granted in this Order pending a final adjudication on the merits.

D. Solely those aspects of this Order that constitute a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Sections I through V of this Order, shall expire at 11:59 p.m. on December 16, 2021, unless otherwise ordered by this Court.

**SO ORDERED** this **2nd day** of **December, 2021 at 1:40 pm**.

*(signed)* Reed O'Connor
**UNITED STATES DISTRICT JUDGE**