IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-01310-O-BP |
| THE HEARTLAND GROUP VENTURES, LLC, *et al.*, | § § § § | |
| Defendants. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

United States District Judge Reed O'Connor referred the above-captioned case to the undersigned for pretrial management. ECF No. 165. Before the Court are Plaintiff United States Securities and Exchange Commission's Agreed Motions for Entry of Judgment Against Defendants James Ikey (ECF No. 144), Thomas Pearsey (ECF No. 159), John Muratore (ECF No. 160), and Manjit Singh (aka Roger) Sahota (ECF No. 169) (collectively, the "Motions"). The Motions contain corresponding proposed judgments (collectively, the "Proposed Judgments"). ECF Nos. 144-1, 159-1, 160-1, 169-1.

The Motions seek judgment under Federal Rule of Civil Procedure 54, which provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). More than fifteen parties are involved in this civil enforcement action (*see* ECF No. 1), but the Motions only seek judgment against the four Defendants named above. There is no just reason for delay, as Defendants Ikey, Pearsey, Muratore, and Singh all executed notarized

consent forms in which they acknowledge receiving service of Plaintiff's Complaint; enter a general appearance; admit the Court has personal and subject-matter jurisdiction; and, without admitting or denying the Complaint's allegations (except as to jurisdiction and as otherwise provided in their consent forms), consent to the entry of their respective Proposed Judgments. ECF Nos. 144-2, 159-2, 160-2, and 169-2. There are no objections, nor is there any indication entering judgment would unfairly prejudice any party or non-party. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motions and enter judgments in forms substantially similar to the Proposed Judgments.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 22, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE