IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-01310-O |
| § | |
| THE HEARTLAND GROUP VENTURES, LLC, *et al.*, § § § | |
| Defendants. § | |

### ORDER

Before the Court is Receiver's Fee Application for Services Performed Between January 1, 2022 through March 31, 2022 ("Application"). ECF No. 198. The Application requests approval and authorization of fees and expenses incurred by Deborah D. Williamson, as Receiver; Dykema Gossett PLLC ("Dykema"); the Law Offices of Romero | Kozub ("Romero"); Law Practice of Darrell R. Jones, PLLC ("Jones"); BDO USA, LLP ("BDO"); and Vicki Palmour Consulting, LLC ("Palmour") during the Application Period.

The Court conducted a telephonic hearing today to consider the Application. After considering the Application, the arguments of counsel at the hearing, and applicable legal authorities, the Court **GRANTS** the Application. Upon consideration of the Application, the Court finds: (i) it has subject matter jurisdiction over the Application; (ii) it has personal jurisdiction over the Receivership Parties; (iii) the Receiver, Dykema, Romero, Jones, BDO, and Palmour have provided reasonable services at reasonable rates that have benefitted the Receivership Estates during the Application Period; (iv) the relief requested in the Application is in the best interests of the Receivership Estates and all parties-in-interest; (v) proper and adequate notice of the Application has been given and no other or further notice is necessary; and (vi) the deadline for

filing objections to the Application has expired, and no objection to the Application was filed with this Court. Accordingly, it is **ORDERED** that:

1. The Application is **APPROVED** to the extent set forth in this order.

2. The Receiver's fees incurring during the Application Period are approved on an interim basis and allowed in the amount of $215,325.75.

3. Dykema's fees incurred during the Application Period are approved on an interim basis and allowed in the amount of $507,156.08.

4. Romero's fees incurred during the Application Period are approved on an interim basis and allowed in the amount of $5,482.50.

5. Jones's fees incurred during the Application Period are approved on an interim basis and allowed in the amount of $49,578.75.

6. BDO's fees incurred during the Application Period are approved on an interim basis and allowed in the amount of $42,257.75.

7. Palmour's fees incurred during the Application Period are approved on an interim basis and allowed in the amount of $19,720.00.

8. Dykema's out-of-pocket expenses incurred during the Application Period in connection with services rendered on behalf of the Receiver are approved on an interim basis and allowed in the amount of $41,929.22.

9. Jones's out-of-pocket expenses incurred during the Application Period in connection with services rendered on behalf of the Receiver are approved on an interim basis and allowed in the amount of $457.22.

10. BDO's out-of-pocket expenses incurred during the Application Period in connection with services rendered on behalf of the Receiver are approved on an interim basis and allowed in the amount of $10,620.30.

11. Palmour's out-of-pocket expenses incurred during the Application Period in connection with services rendered on behalf of the Receiver are approved on an interim basis and allowed in the amount of $787.95.

12. The Receiver is hereby authorized to pay all outstanding fee and expense amounts approved in this order for the Application Period to Dykema (inclusive of the Receiver), Romero, Jones, BDO, and Palmour from the available funds of the Receivership Estates.

It is so **ORDERED** on June 8, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE