IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § § | |
| v. § § | |
| THE HEARTLAND GROUP VENTURES, LLC; HEARTLAND PRODUCTION AND RECOVERY LLC; HEARTLAND PRODUCTION AND RECOVERY FUND LLC; HEARTLAND PRODUCTION AND RECOVERY FUND II LLC; THE HEARTLAND GROUP FUND III, LLC; HEARTLAND DRILLING FUND I, LP; CARSON OIL FIELD DEVELOPMENT FUND II, LP; ALTERNATIVE OFFICE SOLUTIONS, LLC; ARCOOIL CORP.; BARRON PETROLEUM LLC; JAMES IKEY; JOHN MURATORE; THOMAS BRAD PEARSEY; MANJIT SINGH (AKA ROGER) SAHOTA; and RUSTIN BRUNSON, § § § § § § § § § § § § § § § § | No. 4-21CV-1310-O-BP |
| Defendants, § § § | |
| and § § | |
| DODSON PRAIRIE OIL & GAS LLC; PANTHER CITY ENERGY LLC; MURATORE FINANCIAL SERVICES, INC.; BRIDY IKEY; ENCYPHER BASTION, LLC; IGROUP ENTERPRISES LLC; HARPRIT SAHOTA; MONROSE SAHOTA; SUNNY SAHOTA; BARRON ENERGY CORPORATION; DALLAS RESOURCES INC.; LEADING EDGE ENERGY, LLC; SAHOTA CAPITAL LLC; and 1178137 B.C. LTD., § § § § § § § § § § § § | |
| Relief Defendants. § § § | |

1

## NOTICE OF INVESTOR LETTER

Deborah D. Williamson, in her capacity as the Court-appointed Receiver (the "Receiver") for the Receivership Parties (as defined in the Court's December 3, 2021 *Order Appointing Receiver* [ECF No. 17]) and receivership estates (collectively, the "Estates") in the above-captioned case (the "Case"), hereby files this *Notice of Investor Letter* (the "Notice").[1]  The Receiver published correspondence (the "Investor Letter"), dated December 5, 2022, to all known investors of the Receivership Parties via U.S. first-class mail beginning on December 5, 2022.  A true and correct copy of the Investor Letter is attached to this Notice as **Exhibit A**.  The Investor Letter is also posted to the Receiver's website at www.heartlandreceivership.com/investor-correspondence.

Dated: December 5, 2022

Respectfully submitted,

By: */s/ Danielle N. Rushing*
   Danielle N. Rushing
   State Bar No. 24086961
   drushing@dykema.com
   **DYKEMA GOSSETT PLLC**
   112 East Pecan Street, Suite 1800
   San Antonio, Texas 78205
   Telephone: (210) 554-5500
   Facsimile: (210) 226-8395

   and

   Rose L. Romero
   State Bar No. 17224700
   Rose.Romero@RomeroKozub.com
   **LAW OFFICES OF ROMERO|KOZUB**
   235 N.E. Loop 820, Suite 310
   Hurst, Texas 76053
   Telephone: (682) 267-1351

   **COUNSEL TO RECEIVER**

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed in the Receivership Order.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 5, 2022, the foregoing document was served via CM/ECF on all parties appearing in this case and on the following unrepresented parties on this Court's docket via email:

James Ikey
james.ikeyrcg@gmail.com

Bridy Ikey
bridydikey@gmail.com

IGroup Enterprises LLC
c/o James Ikey
james.ikeyrcg@gmail.com

John Muratore
c/o Theodore Grannatt
McCarter & English, LLP
tgrannatt@mccarter.com

Muratore Financial Services, Inc.
c/o Theodore Grannatt
McCarter & English, LLP
tgrannatt@mccarter.com

Thomas Brad Pearsey
c/o Theodore Grannatt
McCarter & English, LLP
tgrannatt@mccarter.com

Manjit Singh (aka Roger) Sahota
Harprit Sahota
Monrose Sahota
rogersahota207@gmail.com

Sunny Sahota
sunnysanangelo@gmail.com

                */s/ Danielle N. Rushing*
                Danielle N. Rushing

## **EXHIBIT A**



**Dykema Gossett PLLC**
Weston Centre
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205
WWW.DYKEMA.COM

**Deborah D. Williamson**
Board Certified Business Bankruptcy

December 5, 2022                                                                   **VIA FIRST CLASS U.S. MAIL**

Dear Investor:

I am required to file a report with the Court thirty days after the end of each calendar quarter. There are currently four Quarterly Reports on the Heartland Receivership website, which are accessible at no charge by visiting https://heartlandreceivership.com/receiver-reports. Those reports are required to include certain information regarding the status of the cases and past activities. My team has and will continue to respond to your inquiries regarding the information contained in those reports.

In the past year, my team and I have focused on gaining an understanding of the assets owned or controlled by the parties to the Heartland Receivership. Assets sold to date include a ranch, a house, and personal property, including, but not limited to, equipment, vehicles, sheep, goats, an airplane, and a helicopter. Much, if not all, of the personal property with any significant value has been sold. Three pieces of real property in Texas are also listed for sale.

The oil and gas assets have been more complicated. There were 403 wells located in Wichita, Hardeman, Stephens, Palo Pinto, Jack, Young, Sutton, Schleicher, Val Verde, and Crockett Counties. We obtained Court approval to participate in an online auction for most of the wells (excluding Val Verde or Crockett Counties) in 8 packaged "lots". These wells also have associated potential liability related to "plugging and abandonment" ("P&A") obligations. Unfortunately, not all lots sold and those that did resulted in a bid generating a potential recovery of less than $600,000, not including assumption of P&A liability which would have reduced the claims against the receivership parties. The Railroad Commission of Texas (the "RRC") is required approve the transfer of the right to operate any well. Even more unfortunately, the RRC has not approved the transfer of any right to operate any well. In order to mitigate potential claims against the Receivership, I am seeking Court approval to abandon any well and related lease where, in my business judgment, a transfer will not be approved in the near future. The only exception is the development in Val Verde and Crockett Counties, sometimes referred to as the West, Carson, and/or Childress leases. Those wells are relatively new, and it is not yet clear whether there is any significant value in the leases. We have obtained Court approval for a new operator to attempt to develop those leases and hopefully generate value for the investors.

We have also begun to focus on prosecution of claims and causes of action that have the potential to generate a net recovery for the creditors. With Court approval, I have engaged counsel to prosecute certain claims on a contingency fee basis. In other words, while the receivership estates

Dykema

December 5, 2022
Page 2

are obligated to pay certain expenses, the payment of attorneys' fees will be from any recovery in the litigation. There is no expected resolution of any litigation in the next few months.

The Initial Quarterly Report disclosed that we had identified and obtained $2,298,000 from various bank accounts. By the most recent quarterly report, the amount of cash had increased to $6,247,616.70. As of the date of this letter, cash on hand is over $9 million dollars.

We will be seeking Court approval of a claims process and a distribution process. Notice of those actions will be given to each investor who will have an opportunity to review and, if you deem it appropriate, object if we are unable to reach an agreement.

As part of the claims process, you will be provided with a proposed amount of your claim or claims. As is common in cases such as these, that claim amount will be calculated based on the amount received by a Heartland entity less amounts paid to you.

The claims of investors has been estimated to be over $120 million dollars. At this time, we do not have the resources to make a significant distribution. I believe it is, however, important to begin the claims and distribution process with the hope of additional distributions as we continue to liquidate assets and claims of the receivership parties.

Please continue to check the Receivership website (www.heartlandreceivership.com) for our frequent updates to the Key Court Documents, Notices, and Reports pages and Frequently Asked Questions.

Sincerely,

**DEBORAH D. WILLIAMSON, RECEIVER**

Deborah D. Williamson