**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-01310-O-BP** |
| | § | |
| **THE HEARTLAND GROUP VENTURES, LLC, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

On this date, the Court heard Receiver's Motion for Entry of an Order Setting Claims Bar Date, Establishing Claims Procedure, and Approving Notification Process. ECF No. 408. After considering the Motion and the arguments of counsel at the hearing, the Court **RECOMMENDS** that Judge O'Connor **GRANT** the Motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 16, 2023.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE