# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-01310-O-BP |
| § | |
| THE HEARTLAND GROUP VENTURES, LLC, *et al.*, § § § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Stipulation Between Deborah D. Williamson, Receiver and Railroad Commission of Texas, filed on March 19, 2024. ECF No. 458. On March 20, 2024, the Court ordered that any party or person opposing the Stipulation file a response by April 8, 2024, and set the Stipulation for consideration at a telephonic hearing, which the Court held today. ECF No. 461. The Court also ordered the Receiver to transmit a copy of that order (ECF No. 461) to all unrepresented parties and interested persons. *Id.* The Receiver filed proof of that transmission on March 21, 2024. ECF No. 462. No one has filed an objection, nor is there any indication that the Court's approval of the Stipulation would unfairly prejudice any party or non-party.

Accordingly, the undersigned **RECOMMENDS** that O'Connor **APPROVE** the Stipulation and enter an order indicating the Court's approval in the form substantially similar to the parties' proposed order filed with the Stipulation (ECF No. 458 at 8-10) and attached below.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 16, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | § § § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 4:21-cv-01310-O-BP |
| **THE HEARTLAND GROUP VENTURES, LLC,** *et al.*, | § § § § | |
| **Defendants.** | § | |

**ORDER APPROVING STIPULATION BETWEEN DEBORAH D. WILLIAMSON, RECEIVER AND RAILROAD COMMISSION OF TEXAS**

CAME ON THIS DAY to be considered, the *Stipulation Between Deborah D. Williamson, Receiver and Railroad Commission of Texas* (the "Stipulation")[1]. After considering the Stipulation, any supporting papers, and noting that no party objects or has filed a response, the Court finds that the Stipulation should be **APPROVED** in all respects. **IT IS THEREFORE ORDERED** that:

1. The Stipulation is **APPROVED** in all respects.

2. The RRC shall have an allowed claim in this Receivership in the amount of $7,871,365.45, representing the sum of the claim amount asserted by the RRC for plugging liabilities of ArcoOil in the amount of $1,053,799.66; Barron Petroleum in the amount of $2,134,878.48; Dodson Prairie in the amount of $2,593,200.18; Leading Edge in the amount of $970,055.38; and Panther City in the amount of $1,119,451.75 (the "Allowed RRC Claim Amount").

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed in the Receivership Order or the Stipulation, as applicable.

3.  The RRC will not assert any other monetary claim(s) against the Operators until the Receivership is closed by order of this Court.

4.  Subject to the terms of this Order, the RRC may immediately bring enforcement actions or seek entry of final orders in pending enforcement actions against the Operators to allow for wells operated by Operators to be placed on RRC plugging schedules.

5.  The RRC is authorized to apply the three (3) cash deposits, each in the amount of $50,000.00, to the obligations of Barron Petroleum, Dodson Prairie, and Panther City, respectively, to the Allowed RRC Claim Amount. Application of the cash deposit shall reduce the respective Allowed RRC Claim Amount prior to calculation of any *pro rata* distribution to the RRC and shall not be treated as payments made from the respective Operators' available assets.

6.  The RRC shall not assert personal liability against the Receiver with respect to any regulatory, statutory, or other claims against the Operators, including, without limitation, naming the Receiver personally in any order or judgment issued by the RRC and/or OAG. After the Receiver provides notice of the entry of an order closing the Receivership to the RRC and/or OAG: (1) all Form P-5 Organization Report ("P-5") officers and agents for all Operators will revert to the P-5 officers and agents on file prior to appointment of the Receiver on December 2, 2021, and (2) Section 91.114 of the Texas Natural Resources Code will not be applied to the Receiver relating to her actions and/or duties as Receiver for the Operators.

7.  This Court retains exclusive jurisdiction with respect to this Order and the Stipulation.

**SO ORDERED** this _____ day of _____, 2024.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE