IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**  §§§§§<br><br>**Plaintiff,**  §<br><br>v.  §     Civil Action No. 4:21-cv-01310-O-BP<br>§<br>**THE HEARTLAND GROUP VENTURES, LLC,** *et al.*,  §§§§<br><br>**Defendants.**  § | |

### ORDER GRANTING RECEIVER'S MOTION (I) TO APPROVE PROPOSED SETTLEMENT WITH FORMER COUNSEL TO CERTAIN HEARTLAND-RELATED RECEIVERSHIP PARTIES, (II) TO ENTER A BAR ORDER, AND (III) TO APPROVE PAYMENT OF FEES AND EXPENSES OF REID COLLINS & TSAI LLP, LITIGATION COUNSEL TO RECEIVER

Came on to be heard the *Receiver's Motion (I) To Approve Proposed Settlement with Former Counsel to Certain Heartland-Related Receivership Parties, (II) To Enter a Bar Order, and (III) To Approve Payment of Fees and Expenses of Reid Collins & Tsai LLP, Litigation Counsel to Receiver* (the "Motion").[1] After considering the Receiver's Motion, all objections or responses thereto, if any, all evidence submitted to the Court, and the arguments of counsel, the Court is of the opinion that said Motion should be **GRANTED** in all respects.

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter this Order. *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted). Moreover, the Court has

---

[1] Capitalized terms used but not otherwise described herein shall have the meaning ascribed in the Motion and the Settlement Agreement attached to the Motion.

jurisdiction over the subject matter of this Case, and the Receiver is a proper party to seek entry of this Order.

2. The Court finds that the methodology, form, content, and dissemination of notice were reasonably calculated, under the circumstances, to apprise all Heartland Investors, creditors of Heartland-Related Receivership Parties, or Non-Receivership-Party Defendants or Relief Defendants of the Settlement, the releases therein, and the injunctions provided for in this Order, and of the right to object to the Settlement, this Order, and to appear at the hearing on the Motion. The Court further finds that the notice met all applicable requirements of law and provided all persons a full and fair opportunity to be heard on these matters.

3. The Court finds that the Settlement, including the Settlement Agreement, was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arms-length, mediated negotiations involving experienced and competent counsel. The Court further finds that (i) significant issues exist as to the merits and value of the claims asserted against Locke by the Receiver and by others whose potential claims are foreclosed by this Order; (ii) such claims contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with uncertainty regarding whether such claims would be successful; (iii) a significant risk exists that future litigation costs may result in an ultimate lower recovery; (iv) Heartland Investors who have allowed claims with the Receiver will ultimately benefit from the Settlement Amount being paid pursuant to the Settlement; and (v) Locke would not have agreed to the terms of the Settlement in the absence of this Order and assurance of "total peace" with respect to all claims that have been, or could be, asserted arising from its relationship with the Heartland Receivership Parties. *See SEC v. Kaleta*, No. 4:09-3674, 2012 U.S. Dist. LEXIS 14880, at *34 (S.D. Tex. Feb. 7, 2012) (approving these factors for consideration in evaluating

whether a settlement and bar order are sufficient, fair, and necessary). Additionally, the Court finds that any Settled Claims that Heartland Investors, creditors of Heartland-Related Receivership Parties, or Non-Receivership-Party Defendants or Relief Defendants may hold against Locke are derivative of and dependent on the Receiver's claims, "compete for the same dollars" available to satisfy such claims, and any claims held by such parties against Locke therefore affect Receivership Assets. *See Zacarias v. Stanford Int'l Bank, Ltd.*, 945 F.3d 883, 900 (5th Cir. 2019).

4.  The injunction against the Settled Claims, as set forth herein, is therefore a necessary and appropriate order ancillary to the relief obtained for Heartland Investors pursuant to the Settlement. The Court concludes that the Settlement is the best option for maximizing the net amount recovered from Locke for the Heartland-Related Receivership Parties and the Heartland Investors.

5.  The Court further finds that the Receiver's claims process and the proposed distribution plan (subject to further Order of the Court) contemplated in the Settlement Agreement and the Motion have been designed to ensure that all Heartland Investors and creditors of Heartland-Related Receivership Parties have received an opportunity to pursue their claims against any Heartland-Related Receivership Party through the Receiver's claims process, which was previously approved by the Court. See ECF No. 431.

6.  Accordingly, the Court finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all persons claiming an interest in, having authority over, or asserting a claim against Locke or the Heartland-Related Receivership Parties. The Court also finds that this Order is a necessary component to achieve the Settlement. The Settlement, the terms of which are set forth in the Settlement Agreement, is hereby fully and finally **APPROVED**. The

Parties are directed to implement and consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement and this Order.

7. Pursuant to Paragraph 40 of the Settlement Agreement, as of the Settlement Effective Date, Locke and all of the other Locke Released Parties, shall be fully, finally, and forever released and discharged from any action, cause of action, suit, liability, claim, right of action, right of levy or attachment, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that the Receiver or the Receivership Parties ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, is derivative of, or is in any manner connected with the Settled Claims, as defined in the Settlement Agreement.

8. Pursuant to Paragraph 41 of the Settlement Agreement, as of the Settlement Effective Date, the Receiver and all of the other Receiver Released Parties, shall be fully, finally, and forever released and discharged from any action, cause of action, suit, liability, claim, right of action, right of levy or attachment, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that Locke ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises

out of, is derivative of, or is in any manner connected with the Settled Claims, as defined in the Settlement Agreement.

9. Notwithstanding anything to the contrary in this Order, the foregoing releases do not release the Parties' rights and obligations under the Settlement or the Settlement Agreement or bar the Parties from enforcing or effectuating the terms of the Settlement or the Settlement Agreement. Further, the foregoing releases do not bar or release any claims that Locke may have against any Locke Released Party, including but not limited to Locke's insurers, reinsurers, employees, and agents.

10. The Court hereby permanently bars, restrains, and enjoins the Receiver, the Receivership Parties, the Heartland Investors, the creditors of any Heartland-Related Receivership Party, and the Non-Receivership-Party Defendants and Relief Defendants, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against Locke or any of the Locke Released Parties, any action, lawsuit, cause of action, liability, claim, investigation, demand, levy, complaint, or proceeding of any nature in any forum, including, without limitation, any court of first instance or any appellate court, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Settled Claims, as defined in the Settlement Agreement.

11. Nothing in this Order or the Settlement Agreement and no aspect of the Settlement or negotiation or mediation thereof is or shall be construed to be an admission or concession of

5

any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of the Parties with regard to any complaints, claims, allegations, or defenses.

12.     Without in any way affecting the finality or enforceability of this Order, the Court retains continuing and exclusive jurisdiction over the Parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Settlement, the Settlement Agreement, and this Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the Settlement, the Settlement Agreement, any distribution plan, and any payment of attorneys' fees and expenses to RCT.

13.     Within five (5) business days of entry, this Order shall be served by counsel for the Receiver, via email, first class mail, or international delivery service, on any person or entity that filed an objection to approval of the Settlement, the Settlement Agreement, or the Motion.

14.     The Court expressly determines that there is no just reason for delaying the finality of this Order and that this Order is final and appealable under Fed. R. Civ. P. 54(b).

**SO ORDERED** this **10th** day of **May, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE