# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, § § § **Plaintiff,** § § v. § § THE HEARTLAND GROUP VENTURES, LLC; HEARTLAND PRODUCTION AND RECOVERY LLC; HEARTLAND PRODUCTION AND RECOVERY FUND LLC; HEARTLAND PRODUCTION AND RECOVERY FUND II LLC; THE HEARTLAND GROUP FUND III, LLC; HEARTLAND DRILLING FUND I, LP; CARSON OIL FIELD DEVELOPMENT FUND II, LP; ALTERNATIVE OFFICE SOLUTIONS, LLC; ARCOOIL CORP.; BARRON PETROLEUM LLC; JAMES IKEY; JOHN MURATORE; THOMAS BRAD PEARSEY; MANJIT SINGH (AKA ROGER) SAHOTA; and RUSTIN BRUNSON, § § **Defendants,** § § and § § DODSON PRAIRIE OIL & GAS LLC; PANTHER CITY ENERGY LLC; MURATORE FINANCIAL SERVICES, INC.; BRIDY IKEY; ENCYPHER BASTION, LLC; IGROUP ENTERPRISES LLC; HARPRIT SAHOTA; MONROSE SAHOTA; SUNNY SAHOTA; BARRON ENERGY CORPORATION; DALLAS RESOURCES INC.; LEADING EDGE ENERGY, LLC; SAHOTA CAPITAL LLC; and 1178137 B.C. LTD., § § **Relief Defendants.** | No. 4-21CV-1310-O-BP |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF AGREED FINAL JUDGMENTS AS TO DEFENDANTS JOHN MURATORE AND THOMAS BRAD PEARSEY AND RELIEF DEFENDANT MURATORE FINANCIAL SERVICES, INC.**

Plaintiff U.S. Securities and Exchange Commission ("SEC") respectfully moves the Court to enter Final Judgments against Defendants John Muratore ("Muratore") and Thomas Brad Pearsey ("Pearsey"), and Relief Defendant Muratore Financial Services, Inc. ("Muratore Financial") (collectively "Defendants") in the forms attached as Exhibits 1 through 3, respectively, hereto. Defendants do not oppose the relief sought in this motion, and agree to entry of these Final Judgments, as reflected in their consents attached as Exhibits 4 through 6, respectively, hereto. In support of this motion, the SEC states as follows:

## BACKGROUND

1. On December 1, 2021, the SEC filed its Complaint against Defendants alleging violations of the federal securities laws. (ENF No. 1).

2. The next day, the Court issued a temporary restraining order against Defendants Muratore and Pearsey, among others. (ECF No. 12).

3. On December 10, 2021, the Court entered agreed preliminary injunctions against Defendants Muratore and Pearsey, enjoining them during the pendency of this litigation from violating those securities laws with which they have been charged by the SEC in this matter, and further enjoining them from participating in the issuance, purchase, offer, or sale of any security related to the production, exploration, extraction, purchase or sale of oil or gas. (ECF Nos. 41, 42).

4. On May 10, 2022, the Court entered partial judgments against Defendants Muratore and Pearsey, in which, among other things, they (a) agreed to permanent injunctions; (b) agreed to the imposition of disgorgement, prejudgment interest, and civil penalties, in an

amount to be determined later; and (c) agreed to an order barring them from acting as an officer or director of a publicly-held entity, with the length of the prohibition to be determined by the Court at a later date. (ECF Nos. 191, 193).

5. The SEC has now reached final settlements with Defendants. Defendants have executed written consents ("Consents") with the terms of the agreement. A true and correct copy of the Consents are filed hereto as Exhibit 4 (Muratore), Exhibit 5 (Pearsey), and Exhibit 6 (Muratore Financial). Under the terms of the Consents, Defendants consent to the entry of the proposed Final Judgments attached as Exhibit 1 (Muratore), Exhibit 2 (Pearsey), and Exhibit 3 (Muratore Financial) hereto.

6. Under the terms of the Consents, Defendants, *inter alia*: (a) acknowledge having been served with process; (b) acknowledge having made a general appearance; (c) admit the Court's jurisdiction over them and over the subject matter of this action; and (d) consent to the entry of the proposed Final Judgments.

7. Under the terms of the proposed Final Judgments, Defendants Muratore and Pearsey are:

   a. Permanently restrained and enjoined from violating, directly or indirectly, Sections 5(a) and 5(c), and Section 17(a) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a) and (c); 15 U.S.C. § 77q(a)]; and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

   b. Permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendants Muratore or Pearsey, participating in the issuance, purchase, offer, or sale of

    any security related to the production, exploration, extraction, purchase, or sale of oil or gas, provided, however, that such injunction shall not prevent them from purchasing or selling securities listed on a national securities exchange for their own, personal accounts pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(1) and (5)], and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)]; and

  c. Permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

  8. Under the terms of the proposed Final Judgments, Defendant Muratore also agrees to pay disgorgement of ill-gotten gains in the amount of $2,224,913.16, plus prejudgment interest thereon in the amount of $290,277.15, and civil penalties in the amount of $207,183. Defendant Pearsey also agrees to pay disgorgement of ill-gotten gains in the amount of $2,263,345.81, plus prejudgment interest thereon in the amount of $278,626.79, and civil penalties in the amount of $207,183. Relief Defendant Muratore Financial also agrees, jointly and severally with Defendant Muratore, to pay disgorgement of ill-gotten gains in the amount of $2,067,985.81, plus prejudgment interest thereon in the amount of $266,037.44. The proposed Final Judgments further provide that Defendants shall pay the ordered disgorgement, prejudgment interest, and penalties to the Court appointed Receiver in this matter.

## APPROVAL OF SETTLEMENT TERMS

  9. Approval of a settlement in an SEC enforcement case is appropriate where it is "fair and reasonable, with the additional requirement that the public interest would not be

disserved, in the event that the consent decree includes injunctive relief." *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). Factors to be considered include (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind. *Id*. at 294-95 (internal citations omitted).

10.     Given the allegations in the Complaint, which the Defendants neither admit nor deny, the relief set forth in paragraphs 7 and 8 are a fair and reasonable resolution of this matter and, among other things, the permanent injunctions and permanent officer-and-director bars will serve the public interest.

WHEREFORE, the SEC respectfully requests that this Court grant this Motion and enter the proposed Final Judgments against Defendants in the form agreed by the parties.

Dated: September 23, 2024        Respectfully Submitted,

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION**

By: */s/ Ashley Dalmau-Holmes*
Ashley Dalmau-Holmes

Jonathan S. Polish (IL Bar No. 6237890)
Ashley Dalmau-Holmes (IL Bar No. 6324070)
175 W. Jackson Blvd., Suite 1450
Chicago, Illinois 60604
(312) 353-6884 (Polish)
PolishJ@SEC.gov
(312) 259-3004 (Dalmau-Holmes)
DalmauHolmesA@sec.gov
*Attorney for Plaintiff U.S. Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

      On September 23, 2024, I electronically filed the foregoing document with the clerk of court for this U.S. District Court using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. I have further emailed this filing to the following unrepresented parties on this Court's docket:

James Ikey
Bridy Ikey
james.ikeyrcg@gmail.com
bridydikey@gmail.com

IGroup Enterprises LLC
c/o James Ikey
james.ikeyrcg@gmail.com

John Muratore
jmuratore6@gmail.com

Muratore Financial Services, Inc.
c/o John Muratore
jmuratore6@gmail.com

Thomas Brad Pearsey
bradpearsey@aol.com

Manjit Singh (aka Roger) Sahota
Harprit Sahota
Monrose Sahota
rogersahota207@gmail.com

Sunny Sahota
sunnysanangelo@gmail.com

          /s/ *Ashley Dalmau-Holmes*