## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-01310-O-BP |
| THE HEARTLAND GROUP VENTURES, LLC, *et al.*, | § § § | |
| Defendants. | § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Receiver, Deborah D. Williamson's Amended Motion to Approve Procedures for Terminating Business Receivership Entities (ECF No. 614) (the "Motion"). On November 1, 2024, the Court ordered any party or person opposing the Motion, file a response by November 12, 2024, and set the Motion for consideration at a hearing, which the Court held on November 14, 2024. ECF No. 615. The Court also ordered the Receiver to transmit a copy of that order (ECF No. 615) to all unrepresented parties and interested persons. *Id.* The Receiver filed proof of that transmission on November 1, 2024. ECF No. 616; *see also* ECF No. 617. No one has filed an objection, nor is there any indication that granting the Motion would unfairly prejudice any party or non-party.

After considering the Motion, the arguments of counsel at the hearing, and the applicable legal authorities, the undersigned finds that the receiver's proposed procedures for giving notice and service regarding termination or cancellation of the business of Receivership entities is fair and reasonable. *See Clark v. Clark*, 58 U.S. 315, 331 (1855); *FSLIC v. PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir. 1980), cert. denied, 452 U.S. 961 (1981) (explaining the "receiver is an officer

of the court and subject to its order in relation to the property for which he is responsible until discharged by the court"); *see also SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 373 (5th Cir. 1982) (holding that the court overseeing the receivership is given "wide discretionary power" in light of "the concern for orderly administration"). "[R]easonable procedures instituted by the district court that serve [receivership's] purpose[s]" are generally upheld. *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). Actions by a court supervising a receivership will not be disturbed unless there is a clear showing of abuse. *Safety Fin. Serv.*, 674 F.2d at 372 (citing *SEC v. Arkansas Loan & Thrift Corp.*, 427 F.2d 1171, 1172 (8th Cir. 1980)).

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 613) and **ENTER** an order as attached below.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on November 15, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 4:21-cv-01310-O-BP** |
| **THE HEARTLAND GROUP VENTURES, LLC,** *et al.*, | § § § | |
| **Defendants.** | § § | |

**ORDER APPROVING RECEIVER'S AMENDED MOTION TO APPROVE
PROCEDURES FOR TERMINATING BUSINESS RECEIVERSHIP ENTITIES**

Before the Court is the Receiver's Amended Motion to Approve Procedures for Terminating Business Receivership Entities (the "Motion"), filed by Deborah D. Williamson, Court-appointed Receiver in the Case, pursuant to the Court's Order Appointing Receiver (ECF No. 17) entered on December 2, 2021, in this Case, requesting approval of the procedures described in the Receiver's Motion. *See* ECF No. 613. The Court, having considered the Motion and the information submitted in support, responses, or objections, if any, the arguments of counsel, and the pleadings on file find that the Motion (ECF No. 613) should be, and hereby is, **GRANTED**.

**IT IS THEREFORE ORDERED** that:

1.     The Motion is **GRANTED** in its entirety.

2.     The Court finds that all defined terms utilized by the Receiver in the Motion are hereby approved and incorporated in this Order.

3.     <u>Notice</u>. The Receiver shall file Notices regarding termination or cancellation of the business of Receivership entities with the Court, post the Notices on the website for the Case

(www.heartlandreceivership.com), and serve by first-class U.S. mail the Notice on every person who has made a written request to the Receiver and any members or partners as of December 2, 2021. The Receiver may in her discretion provide additional notice as she deems appropriate, including any required notices by publication.

4.     <u>Objection to Termination</u>.

a.     Any person who wishes to object to the Notice must file a written response with this Court setting forth the objection (and claim of ownership or interest in the Receivership entity, identifying the source of such claim) and shall file and serve the response on the Receiver within (10) calendar days of the date the Notice is filed with the Court. The objection or claim must state why the Court should not approve the Notice and the basis for such belief (an "Objection"). The Receiver may request an expedited hearing on any Objection.

b.     If no Objection is timely filed and served, the Receiver may terminate the entity without further Order of the Court, in accordance with this Order and as described in the Notice.

c.     If an Objection is timely filed and served, the action proposed in the Notice will not be completed until the Court rules upon such Objection.

d.     The Receiver's reply to an Objection must be filed within ten (10) calendar days of the date that the Objection was filed.

e.     The Court may thereafter determine, with or without a hearing, whether to sustain or overrule the Objection.

5.     <u>Liability</u>. Termination is not intended to allocate or otherwise impose liability for any former members, managers, officers, or equity members. The Receiver, in her sole discretion, may consider the effect of termination on any such person.

6.     <u>Reservation of Rights</u>. Nothing in this Order will prejudice or limit any right of the Receiver to dispute, or assert defenses to, the extent or validity of an Objection.

**SO ORDERED** this _____ day of _____, 2024.


_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE