**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 4:21-cv-01310-O-BP** |
| **THE HEARTLAND GROUP VENTURES, LLC,** *et al.*, | § § § | |
| **Defendants.** | § § | |

**<u>ORDER APPROVING RECEIVER'S AMENDED MOTION TO APPROVE
PROCEDURES FOR TERMINATING BUSINESS RECEIVERSHIP ENTITIES</u>**

Before the Court is the Receiver's Amended Motion to Approve Procedures for Terminating Business Receivership Entities (the "Motion"), filed by Deborah D. Williamson, Court-appointed Receiver in the Case, pursuant to the Court's Order Appointing Receiver (ECF No. 17) entered on December 2, 2021, in this Case, requesting approval of the procedures described in the Receiver's Motion. *See* ECF No. 613. The Court, having considered the Motion and the information submitted in support, responses, or objections, if any, the arguments of counsel, and the pleadings on file find that the Motion (ECF No. 613) should be, and hereby is, **GRANTED**.

**IT IS THEREFORE ORDERED** that:

1.      The Motion is **GRANTED** in its entirety.

2.      The Court finds that all defined terms utilized by the Receiver in the Motion are hereby approved and incorporated in this Order.

3.      <u>Notice</u>. The Receiver shall file Notices regarding termination or cancellation of the business of Receivership entities with the Court, post the Notices on the website for the Case

(www.heartlandreceivership.com), and serve by first-class U.S. mail the Notice on every person who has made a written request to the Receiver and any members or partners as of December 2, 2021. The Receiver may in her discretion provide additional notice as she deems appropriate, including any required notices by publication.

4. <u>Objection to Termination</u>.

    a. Any person who wishes to object to the Notice must file a written response with this Court setting forth the objection (and claim of ownership or interest in the Receivership entity, identifying the source of such claim) and shall file and serve the response on the Receiver within (10) calendar days of the date the Notice is filed with the Court. The objection or claim must state why the Court should not approve the Notice and the basis for such belief (an "Objection"). The Receiver may request an expedited hearing on any Objection.

    b. If no Objection is timely filed and served, the Receiver may terminate the entity without further Order of the Court, in accordance with this Order and as described in the Notice.

    c. If an Objection is timely filed and served, the action proposed in the Notice will not be completed until the Court rules upon such Objection.

    d. The Receiver's reply to an Objection must be filed within ten (10) calendar days of the date that the Objection was filed.

    e. The Court may thereafter determine, with or without a hearing, whether to sustain or overrule the Objection.

5. <u>Liability</u>. Termination is not intended to allocate or otherwise impose liability for any former members, managers, officers, or equity members. The Receiver, in her sole discretion, may consider the effect of termination on any such person.

6. <u>Reservation of Rights</u>. Nothing in this Order will prejudice or limit any right of the Receiver to dispute, or assert defenses to, the extent or validity of an Objection.

**SO ORDERED** this **2nd** day of **December, 2024.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**