IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | § § § § |
| Plaintiff, | § § |
| v. | §  Civil Action No. 4:21-cv-01310-O-BP § |
| THE HEARTLAND GROUP VENTURES, LLC, *et al.*, | § § § |
| Defendants. | § § |

**FINAL JUDGMENT AS TO DEFENDANT MANJIT SINGH "ROGER" SAHOTA**

The Securities and Exchange Commission having filed a Complaint and Defendant Manjit Singh "Roger" Sahota ("Defendant Sahota") having entered a general appearance; consented to the Court's jurisdiction over Defendant Sahota and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Sahota is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Sahota's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Sahota or with anyone described in (a).

## II.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Sahota is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Sahota's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Sahota or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant Sahota is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant Sahota, participating in the issuance, purchase, offer, or sale of any security related to the production, exploration, extraction, purchase, or sale of oil or gas, provided, however, that such injunction shall not prevent Defendant Sahota from purchasing or selling securities listed on a national securities exchange for Defendant Sahota's own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant Sahota's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Sahota or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant Sahota is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15

U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:

A. Defendant Sahota is jointly and severally liable with Defendants Arcooil Corp. and Barron Petroleum LLC ("Sahota Receivership Defendants") and Relief Defendants Barron Energy Corporation, Dallas Resources INC., Leading Edge Energy, LLC, Sahota Capital LLC, and 1178137 BC LTD ("Sahota Receivership Relief Defendants") for disgorgement of $44,899,156.05, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,985,283.39, for a total of $46,884,439.44.

B. Defendant Sahota's liability for the disgorgement plus prejudgment interest discussed above in paragraph V(A) is offset by the $13,633,662.34 collected by the Court-appointed Receiver in this matter, Deborah Williamson (the "Receiver"), from the Sahota Receivership Defendants and Sahota Receivership Relief Defendants; and Defendant Sahota is solely liable for a civil penalty in the amount of $236,451.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

C. Defendant Sahota shall satisfy these disgorgement, prejudgment interest and civil penalty obligations by paying $33,487,228.10 to the Receiver within 30 days after entry of this Final Judgment.

Defendant Sahota acknowledges that all sums paid in satisfaction of the Final Judgment entered in this matter, including disgorgement, prejudgment interest, and civil

penalties, shall be delivered or mailed to the Receiver, and shall be transmitted to Deborah Williamson, Dykema Gossett PLLC, 112 E. Pecan Street, Suite 1800, San Antonio, TX 78205, under cover of a letter that identifies Defendant Sahota, the name and case number of this litigation, and the Court. Copies of this cover letter and the means of payment shall be simultaneously transmitted to counsel for the Commission in this action. The Receiver shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. Should the Receiver be discharged by the Court before Defendant Sahota has paid all amounts required of Defendant Sahota pursuant to the Final Judgment, the payment of the remaining amounts shall be made to the Commission.

By making this payment, Defendant Sahota relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Sahota.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant Sahota shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

The Receiver or the Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be

disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Sahota shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Sahota's payment of disgorgement in this action, argue that Defendant Sahota is entitled to, nor shall Defendant Sahota further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Sahota's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant Sahota shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the Receiver, United States Treasury, or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant Sahota by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Sahota shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant Sahota, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Sahota under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Sahota of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED** on this **25th day** of **July, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-01310-O-BP |
| THE HEARTLAND GROUP VENTURES, LLC, *et al.*, | § § § § | |
| Defendants. | § | |

**CONSENT OF DEFENDANT ROGER SAHOTA**

1. Defendant Manjit Singh "Roger" Sahota ("Defendant Sahota") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant Sahota and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as provided herein in paragraph 15 and except as to personal and subject matter jurisdiction, which Defendant Sahota admits), Defendant Sahota hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant Sahota from violation of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

(b) permanently restrains and enjoins Defendant Sahota from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant Sahota, participating in the issuance, purchase, offer, or sale of any security related to the production, exploration, extraction, purchase, or sale of oil or gas, provided, however, that such injunction shall not prevent Defendant Sahota from purchasing or selling securities listed on a national securities exchange for Defendant Sahota's own, personal account;

(c) permanently bars Defendant Sahota from serving as an officer or director of any company that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)];

(d) orders Defendant Sahota jointly and severally with Defendants Arcooil Corp. and Barron Petroleum LLC ("Sahota Receivership Defendants") and Relief Defendants Barron Energy Corporation, Dallas Resources INC., Leading Edge Energy, LLC, Sahota Capital LLC, and 1178137 BC LTD ("Sahota Receivership Relief Defendants") to pay disgorgement in the amount of $44,899,156.05, representing net profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $1,985,283.39, for a total of $46,884,439.44; and

(e) orders Defendant Sahota's liability for the disgorgement plus prejudgment interest discussed above in paragraph 2(d) to be offset by the $13,633,662.34 collected by the Court-appointed Receiver in this matter, Deborah Williamson (the

"Receiver"), from the Sahota Receivership Defendants and Sahota Receivership Relief Defendants; and

(f) orders Defendant Sahota to pay a civil penalty in the amount of $236,451.00 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3. Defendant Sahota shall satisfy these disgorgement, prejudgment interest and civil penalty obligations by paying $33,487,228.10 to the Receiver, within 30 days after entry of this Final Judgment.

4. Defendant Sahota voluntarily agrees that, to resolve the claims against him, he voluntarily waives and relinquishes (a) any claim to any assets that are, or may be, in the Receivership Estate (the "Estate") in this matter, including any claim to any distribution, monetary relief, or property that is or may be under Estate administration or control in this matter; and (b) any objection to the distribution of any assets by the Receiver in this matter that are or may be under Estate administration or control in this matter.

5. Defendant Sahota acknowledges that all sums paid in satisfaction of the Final Judgment entered in this matter, including disgorgement, prejudgment interest, and civil penalties, shall be delivered or mailed to the Receiver, and shall be transmitted to Deborah Williamson, Dykema Gossett PLLC, 112 E. Pecan Street, Suite 1800, San Antonio, TX 78205, under cover of a letter that identifies Defendant Sahota, the name and case number of this litigation, and the Court. Copies of this cover letter and the means of payment shall be simultaneously transmitted to counsel for the Commission in this action. The Receiver shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. Should the Receiver be discharged by the Court before

Defendant Sahota has paid all amounts required of Defendant Sahota pursuant to the Final Judgment, the payment of the remaining amounts shall be made to the Commission.

6. Defendant Sahota acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Sahota agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Sahota's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Sahota's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant Sahota agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the Receiver, United States Treasury, or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant Sahota by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

7. Defendant Sahota agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant Sahota

4

pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant Sahota further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant Sahota pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

8. Defendant Sahota waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

9. Defendant Sahota waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

10. Defendant Sahota enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant Sahota to enter into this Consent.

11. Defendant Sahota agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

12. Defendant Sahota will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

13. Defendant Sahota waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant Sahota of its terms and conditions. Defendant Sahota further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of

the Court, with an affidavit or declaration stating that Defendant Sahota has received and read a copy of the Final Judgment.

14. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant Sahota in this civil proceeding. Defendant Sahota acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant Sahota waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant Sahota further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant Sahota understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

15. Defendant Sahota understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the Complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

6

the allegations." As part of Defendant Sahota's agreement to comply with the terms of Section 202.5(e), Defendant Sahota: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant Sahota does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant Sahota does not deny the allegations; (iii) upon the filing of this Consent, Defendant Sahota hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Sahota under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Sahota of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant Sahota breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant Sahota's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

    16.    Defendant Sahota hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant Sahota to defend against this action. For these purposes, Defendant Sahota agrees that Defendant Sahota is not the prevailing party in this action since the parties have reached a good faith settlement.

17. Defendant Sahota agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

18. Defendant Sahota agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: May 13, 2025

_____
**MANJIT SINGH "ROGER" SAHOTA**


On May __, 2025, Manjit Singh "Roger" Sahota, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 12/02/2027

JULIAN ORLANDO CASILLAS
Notary Public, State of Texas
Comm. Expires 12-02-2027
Notary ID 132270031

8